**FILED**

JAN 1 1 2019

Clerk, U.S. District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| SEAN DEAN OGLE,<br><br>Petitioner,<br><br>vs.<br><br>WARDEN MCTIGHE; ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondents. | Cause No. CV 18-198-M-DLC-JCL<br><br><br>FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

This matter comes before the Court on Sen Dean Ogle's habeas petition filed pursuant to 28 U.S.C. § 2254.  (Doc. 1.).  Ogle is a state prisoner proceeding pro se.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires courts to examine the petition before ordering the Respondent to file an answer or any other pleading.  The petition must be summarily dismissed "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." For the reasons set forth herein, Ogle's petition should be denied.

## I.    Ogle's Claims

Ogle generally alleges that the Montana Supreme Court erred in finding that

1

the Persistent Felony Offender (PFO) statute, as amended in 2017, did not retroactively apply to his 1991 conviction and sentence. (Doc. 1 at 4-6.) He also contends the Montana Supreme Court erred by finding that *Nichols v. U.S.,* __ U.S., __, 136 S. Ct. 1113 (2016), did not apply to the condition of his state sentence requiring him to register as a sex offender.. *Id.* at 7-8.

Ogle asks this Court to order his "full release from custody," including any probation/parole or monetary requirements, relative to both of his active state sentences. *Id.* at 10, ¶ 16.

## II.  Background

The Montana Supreme Court summarized Ogle's state court procedural history as follows:

> In 1991, a jury found Ogle guilty of sexual assault in the Twentieth Judicial District Court, Lake County. The District Court designated him a PFO and sentenced him to the Montana State Prison for sixty years with twenty years suspended. He appealed, and this Court affirmed. *State v. Ogle*, 255 Mont. 246, 247, 841 P. 2d 1133, 1133 (1992).

> Ogle was granted parole in 2009. The next year, however, he was arrested for various parole violations, and his parole was revoked after his return to prison. Ogle discharged his prison term on September 17, 2012, and began serving his suspended term. On June 9, 2016, the Lake County District Court revoked Ogle's 1991 sentence for felony sexual assault because Ogle had violated his probationary conditions. Ogle received a fifteen-year commitment to the Department of Corrections with ten years suspended. He did not appeal.

> While Ogle is correct that the 2017 Montana Legislature repealed § 46-18-501, MCA, which defines PFO, he is mistaken about his

2

immediate release.  2017 Mont. Laws, Ch. 321, Sec. 40.  The definition of PFO still exists and is found in § 46-1-202(18), MCA. We remind Ogle that he was designated as a PFO and sentenced under the 1989 version of Montana's statutes.  "Ogle was tried by a jury and convicted of sexual assault, a felony, pursuant to § 45-5-502, MCA (1989)[.]"  *Ogle*, 255 Mont. at 247, 841 P. 2d at 1133.  "We have consistently held that a person has the right to be sentenced under the statutes which are in effect at the time of the offense."  *State v. Tracy*, 2005 MT 128, ¶ 16, 327 Mont. 220, 113 P. 3d 297 (citations omitted). The 1989 statutes, not the 2017 statutes apply to Ogle because Ogle committed the offense in 1990.  *Tracy*, ¶ 16.

Ogle has not demonstrate that his constitutional rights have been violated either.  The *Nichols* case refers to the application of federal law to a registered sex offender.  *Nichols*, __ U.S. at __, 136 S. Ct. at 115.  Along with the federal government, every state has enacted its version of a sex offender registry and applicable statutes.  *Nichols*, __ U.S. at __, 136 S. Ct. at 116 (citations omitted).  The Nichols holding therefore does not apply to Ogle who was sentenced under state law.

*Ogle v. Fender*, OP 17-0716, Or. at 1-2 (Mont. Dec. 19, 2017).[1]

The Montana Supreme Court denied Ogle's petition finding that he was not entitled to relief and was procedurally barred from challenging his sentences.  *Id.* at 2.

## III.   Analysis

As explained below, Ogle's petition should be denied.  His first claim does not survive deferential review under 28 U.S.C. § 2254(d) and his second claim is not cognizable in federal habeas.

---

[1] All state court briefing and orders available at: https://supremecourtdocket.mt.gov/ (accessed Jan. 10, 2019).

### a. Standards of Review

The Antiterrorism and Effective Death Penalty Act (AEDPA) sets forth the scope of review in federal habeas corpus claims:

> The Supreme Court, a Justice thereof, a circuit judge, or a district judge shall entertain an application for writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a). Further, an application for a writ of habeas corpus pursuant to a state court judgment that was adjudicated on the merits in state court cannot be granted unless petitioner demonstrates the adjudication of the claim (1) resulted in a decision that was contrary to or involved an unreasonable application of clearly established Federal law, or, (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d).

AEDPA imposes a "highly deferential standard for evaluating state-court rulings," requiring "that the state-court decisions be given the benefit of the doubt." *Woodford v. Vicscotti*, 537 U.S. 19, 24 (2002)(citations omitted). "AEDPA prevents defendants- and federal courts- from using federal habeas corpus review as a vehicle to second-guess the reasonable decisions of state courts." *Renico v. Lett*, 559 U.S. 766, 779 (2010).

To present a cognizable federal claim, a petitioner must allege the state court

4

violated his federal constitutional rights. *Hernandez v. Ylst*, 930 F. 2d 714, 719 (9th

Cir. 1991). Federal habeas relief may be granted only to correct errors of a federal

constitutional magnitude, see *Oxborrow v. Elkenberry*, 877 F. 2d 1395, 1400 (9th

Cir. 1989), but federal habeas relief is not available for state-law errors. *Swarthout*

*v. Cooke*, 562 U.S. 216, __, 131. S. Ct. 859, 861 (2011)(per curiam)(citing *Estelle*

*v. McGuire*, 502 U.S. 62, 67 (1991).

### b. PFO Sentencing Claim

The misapplication of state sentencing law may violate due process in

limited circumstances if there is a showing of fundamental unfairness. *Christian v.*

*Rhode*, 41 F. 3d 461, 469 (9th Cir. 1994). But the retroactivity of a state change of

law is a state-law question. See *Pulley v. Harris*, 465 U.S. 37, 42 (1984);

*Wainwright v. Stone*, 414 U.S. 21, 23-24 (1973).

Ogle claims that the Montana Supreme Court erred by not applying the 2017

PFO definition to his conviction and that because the definition of PFO under

which he was sentenced has been repealed, his 1991 sentence is now illegal and

must accordingly be deemed void. Or, put more simply, Ogle claims the Montana

Supreme Court failed to properly apply state sentencing law to him. To the extent

that Ogle takes issue with the Montana Supreme Court's application of state law,

such a claim is not cognizable on federal habeas review. *Swarthout*, 131 S. Ct. at

861. The Montana Supreme Court is the highest authority on the interpretation of

Montana law. *Estelle*, 502 U.S. at 67-68 ("Today we reemphasize that it is not the province of a federal habeas court to reexamine state court determinations on state law questions."). Thus, the Montana Supreme Court's determination that Ogle's 1991 PFO sentence remains a valid sentence is conclusive. Moreover, Ogle cannot "transform a state-law issue into a federal one merely by asserting a violation of due process." *Langford v. Day*, 110 F. 3d 1380, 1389 (9th Cir. 1997). Although Ogle attempts to advance a due process violation, he has demonstrated nothing more than a disagreement with the application of the Montana state sentencing statute.

To the extent that Ogle attempts to argue that his Fourteenth Amendment right to equal protection was violated, the claim also fails. The Equal Protection Clause of the Fourteenth Amendment "is essentially a direction that all persons similarly situated should be treated alike." See, *City of Cleburne, Tex. V. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). To bring a claim under the Equal Protection Clause, a petitioner must do more than allege inequality of treatment; "[t]here must be an allegation of invidiousness or illegitimacy in the statutory scheme…" *McQueary v. Blodgett*, 924 F. 2d 928, 835 (9th Cir. 1991). A petitioner cannot establish an equal protection claim warranting habeas relief by alleging the state court misapplied state law. See, *Little v. Crawford*, 449 F. 3d 1075, 1083 (9th Cir. 2006).

Ogle has not alleged that he was the victim of any form of discrimination or that the PFO law at issue imposed different burdens upon different classes of people. See e.g., *Freeman v. City of Santa Ana*, 68 F. 3d 1180, 1183 (9th Cir. 1995 ("The first step in equal protection analysis is to identify the [defendant's] classification of groups. To accomplish this, a plaintiff can show that the law is applied in a discriminatory manner or imposes different burdens on different classes of people."). Ogle has failed to link the purported sentencing violation to a corresponding violation of his right to equal protection, thus, he has failed to establish a colorable equal protection claim.

Ogle has failed to prove that the Montana Supreme Court's rejection of his PFO sentencing claim was contrary to or an unreasonable application of clearly established federal law. Accordingly, this Court must give deference to the state court decision under 28 U.S.C. § 2254(d). Ogle's sentencing claim should be denied.

### c. Application of the *Nichols* case

On March 30, 2017, following a plea of guilty, Ogle was also sentenced to five years, with four of the years suspended, for Failure to Give Notification as to Change of Address as a Sex Offender, in violation of MCA § 46-23-505. (Doc. 1 at 2-3.) Ogle acknowledges that he absconded to Mexico. It appears that this act of leaving the state's jurisdiction, without permission and without updating his

7

status on the Montana Sexual Offender Registry, was also the central reason for the revocation of his 1991 Sexual Assault sentence. See, (Doc. 1 at 3.)

Relying upon *Nichols v. United States*, __ U.S. __, 136 S. Ct. 1113 (2016), Ogle argues that the Failure to Notify conviction should be reversed because he went to Mexico, which is apparently a non-SORNA (Sex Offender Registration and Notification Act )[2] nation. Ogle contends that he was under no obligation, then, to update his information with the Montana registry or give notification of his new foreign address. (Doc. 1 at 8.)

In *Nichols*, the defendant, a convicted federal sex-offender required to register under SORNA, moved from Kansas to the Philippines without notifying Kansas authorities. *Nichols*, 136 S. Ct. at 1117. Nichols was charged with failing to register in violation of 18 U.S.C. § 2250(a)(3). *Id.* The Supreme Court ultimately held that sex offenders were not required under SORNA, to register in a foreign country or to update their registration in the jurisdictions they have left when they relocated to another jurisdiction. *Id.* The Court also noted that despite the interpretation of applicable SORNA provision at issue, it "in no way [meant] that sex offenders will be able to escape punishment for leaving the United States without notifying the jurisdiction in which they lived while in the country." *Id.* at

---

[2] In 2006, Congress enacted SORNA, a comprehensive set of federal standards intended to "make more uniform what had remained 'a patchwork of federal and 50 individual state registration systems." *Nichols*, at 1119 (citations omitted).

1119 (citing federal statues). Importantly, the Court observed that "of course, Nichols's failure to update his registration in Kansas violated state law." *Id*.

Thus, to the extent that Ogle believes may have been in substantial compliance with federal law, it matters not. Ogle was charged with violating state registration requirements, not federal requirements. Although he attempts to present this claim in federal constitutional terms, it is purely an issue of state law-whether Ogle failed to provide notification pursuant to Montana's reporting requirements- to which Ogle pled guilty. This Court is unable to issue a writ of habeas corpus unless a conviction or sentence is in "violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); see, *Estelle*, 502 U.S. at 67-68; *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005)("[A] state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus."). Despite Ogle's efforts to re-characterize this claim, it presents purely an issue of state law and is not cognizable on federal habeas review. This claim, too, should be denied.

## IV. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. §

2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Ogle has not made a substantial showing that he was deprived of a constitutional right. This Court is required to give deference to the Montana Supreme Court's decision denying Ogle relief on his PFO sentencing claim. Ogle's second claim relying upon *Nichols* is misplaced; the claim is not cognizable in federal habeas. Thus, there are no close questions and there is no reason to encourage further proceedings. A certificate of appealability should be denied.

Based on the foregoing, the Court enters the following:

## RECOMMENDATION

1. Mr. Ogle's petition should be DENIED.

2. The Clerk of Court should be directed to enter, by separate document, a judgment in favor of Respondents.

3. A certificate of appealability should be DENIED.

### NOTICE OF RIGHT TO OBJECT
### TO FINDINGS & RECOMMENDATION
### AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Ogle may object to this Findings and Recommendation within 14 days.[3] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

Mr. Ogle must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address." Failure to do so may result in dismissal of this action without notice to him.

DATED this 11th day of January, 2019.

Jeremiah C. Lynch
United States Magistrate Judge

---

[3] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Therefore, since Ogle is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.