IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION



| | |
|---|---|
| SEAN DEAN OGLE,<br><br>Petitioner,<br><br>vs.<br><br>WARDEN MCTIGHE, ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondents. | CV 18–198–M–DLC–JCL<br><br><br>ORDER |

United States Magistrate Judge Jeremiah C. Lynch entered his Order and Findings and Recommendation (Doc. 6) on January 11, 2019, recommending Sean Dean Ogle's habeas petition (Doc. 1) be denied because his first claim does not survive deferential review under 28 U.S.C. § 2254(d) and his second claim is not cognizable on federal habeas review. Ogle timely filed objections to Judge Lynch's Findings and Recommendation. Accordingly, he is entitled to de novo review of those specific issues that are "properly objected to." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3). "A party makes a proper objection by identifying the parts of the magistrate's disposition that the party finds objectionable and presenting a legal argument and supporting authority, such that the district court is able to identify the issues and the reasons supporting a contrary

1

result." *Mont. Shooting Sports Ass'n v. Holder*, 2010 WL 4102940, at *2 (D. Mont. Oct. 18, 2010) (citation omitted). "It is not sufficient for the objecting party to merely restate arguments made before the magistrate or incorporate those arguments by reference." *Id.* As the purpose of the magistrate is to promote efficient use of judicial resources, "there is no benefit if the district court [] is required to review the entire matter de novo because the objecting party merely repeats the arguments rejected by the magistrate." *Id.* (citation omitted). If the objecting party fails to make a proper objection, "this Court follows other courts that have overruled the objections without analysis." *Id.*

Absent objection, this Court reviews findings and recommendations for clear error. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000) (citations omitted).

I.  **PFO Sentencing Claim**

Ogle's primary contention is that the Montana Supreme Court erred in its application of Montana law when it failed to retroactively apply a 2017 amendment to the Persistent Felony Offender ("PFO") statute to his 1991 PFO conviction and sentence. (Doc. 1 at 4-6.) Judge Lynch addressed Ogle's claim in

2

three parts. First, Judge Lynch determined Ogle's bare contention, that the Montana Supreme Court did not properly apply Montana state sentencing law, was not cognizable on federal habeas review. *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011). "It is not the province of a federal habeas court to reexamine state court determinations on state law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Second, Judge Lynch concluded Ogle's attempt to advance a due process violation was "nothing more than a disagreement with the application of the Montana state sentencing statute," and Ogle was attempting to "transform a state-law issue into a federal one merely by asserting a violation of due process." (Doc. 6 at 6.) Therefore, Ogle's federal right to due process was not violated. Finally, Judge Lynch determined Ogle could not establish any of the elements necessary to prove the Montana Supreme Court's ruling violated his federal right to equal protection or was "contrary to, or involved an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d)(1).

Ogle makes four objections to Judge Lynch's Findings and Recommendation regarding his PFO sentencing claim. Two of these objections are not proper and are not entitled to de novo review. First, Ogle claims he should have been afforded federal protection from the "draconian laws" of Montana because he was an "interstate traveler/visitor" and only two other states have PFO

laws that can be implemented after a second felony conviction. (Doc. 7 at 5.) This objection does not respond to any portion of Judge Lynch's findings and recommendation, fails to make a comprehensible legal argument, and cites no authorities for its contentions. Therefore, it is not a proper objection. Second, Ogle argues the amended 2017 PFO statute should be applied retroactively to his 1991 sentence because Montana retroactively awarded "good time" to deserving prisoners after a change in the law allowed "good time" awards that had previously been barred. (Doc. 7 at 6-9.) This objection is not proper because it repackages arguments made in Ogle's petition, which Judge Lynch properly concluded are not cognizable on federal habeas review, as "the retroactivity of a state statute is a state-law question." (Doc. 6 at 5.)

Ogle objects to Judge Lynch's equal protection analysis regarding his PFO claim on two grounds. These objections are construed liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and reviewed de novo by this Court. First, Ogle asserts he was a member of a class or group (those felons sentenced prior to July 1, 2017) that was discriminated against by the imposition of a higher burden than another class (those felons sentenced after July 1, 2017), and he has raised a valid equal protection claim. (Doc. 7 at 2-3.) Ogle has not cited any authority suggesting this time-based classification or group can be afforded relief under the

Fourteenth Amendment equal protection clause, and there is no legal basis for this objection. Second, Ogle argues that it was "extremely rare" for felony offenders to be sentenced under the 1989 PFO statute for their second felony conviction, and that the statute was imposed against him in a discriminatory manner in violation of his constitutional rights because he refused to accept the prosecutor's plea agreement. (Doc. 7 at 4.) This is not a valid legal argument, and it contravenes long-standing precedent. It is settled law that "so long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring . . . generally rests entirely in his discretion." *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978). Reviewing de novo those findings and recommendations to which Ogle properly objected, the Court overrules Ogle's objections.

## II. Application of the *Nichols* Case

In his petition for habeas corpus, Ogle mistakenly claims that the United States Supreme Court's decision in *Nichols v. United States*, 136 S. Ct. 1113 (2016), overrides the Montana Supreme Court's ruling on his Sex Offender Registration and Notification Act ("SORNA") notification violation, because "the rulings of the U.S. Supreme Court rule over . . . state courts, especially in dealing with cases like S.O.R.N.A. laws which are based off Federal laws." (Doc. 1 at 8.)

5

Judge Lynch concluded that *Nichols* is not controlling in this case because Ogle pled guilty and was sentenced under Montana's SORNA statutes, whereas *Nichols* interpreted a federal SORNA statute. Therefore, the holding in *Nichols* is not applicable to Ogle's violation of Montana law, and the Montana Supreme Court's ruling is controlling. Finding this claim concerned "purely an issue of state law," Judge Lynch determined it was not cognizable on federal habeas review. (Doc. 6 at 9.) Ogle's objection simply reasserts his argument that the decisions of the United States Supreme Court on issues of federal law are also controlling over similar state laws. As Ogle has not made a proper objection, this Court overrules it without further analysis. Reviewing Judge Lynch's findings and recommendation on the applicability of the *Nichols* decision for clear error, this Court finds none.

### III. Certificate of Appealability

The Court also determines that Ogle is not entitled to a certificate of appealability. By asking this Court to review the Montana Supreme Court's interpretation of Montana law and arguing that federal precedent should apply to state law, Ogle has failed to make claims that are cognizable on federal habeas review. Additionally, Ogle's Fourteenth Amendment equal protection objections, reviewed de novo, do not "demonstrate 'a substantial showing of the denial of a constitutional right'" and "jurists of reason" would not disagree with this Court's

resolution of the claims. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (quoting 28 U.S.C. § 2253(c)(2)).

Reviewing the remaining portions of Judge Lynch's Findings and Recommendation for clear error and finding none,

IT IS ORDERED that Judge Lynch's Findings and Recommendation (Doc. 7) is ADOPTED IN FULL, and Ogle's Petition (Doc. 1) is DENIED.

IT IS FURTHER ORDERED that the Clerk of Court is directed to enter a judgment of dismissal by separate document.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

DATED this 12th day of February, 2019.

Dana L. Christensen, Chief Judge
United States District Court